STATE OF NORTH CAROLINA v. MICHAEL TAYLOR

No. 9220SC304

(Filed 20 April 1993)

**Burglary and Unlawful Breakings § 8 (NCI4th)— occupied travel trailer—occupied dwelling requirement of burglary statute**

Under N.C.G.S. § 14-51, an occupied travel trailer can satisfy the occupied dwelling element of first degree burglary. The characteristic of mobility is not the determining factor in considering whether the travel trailer is a structure under the statute; rather, the determining factor is whether the victim has made the trailer an area of repose, one from which he can reasonably expect to be safe from criminal intrusion.

**Am Jur 2d, Burglary §§ 3 et seq.**

**Burglary: outbuildings or the like as part of "dwelling house." 43 ALR2d 831.**

On certiorari from judgment entered 8 December 1988 in Moore County Superior Court by Judge John B. Lewis, Jr. Heard in the Court of Appeals 1 April 1993.

On 8 December 1988, a jury found defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury, first degree burglary, and common law robbery. Defendant was sentenced to 22 years. Defendant's court appointed counsel failed to advise him of his right to a direct appeal and no timely notice of appeal was entered on behalf of defendant.

On 19 April 1991, defendant contacted North Carolina Prisoner Legal Services, Inc. Prisoner Legal Services filed a petition for writ of certiorari in the North Carolina Court of Appeals on 12 July 1991. On 30 July 1991, the petition was allowed.

On 22 August 1982, Matthew Ray (hereinafter Ray) came to Moore County, where he became employed at Little River Farm. While living and working at Little River Farm, Ray lived in an eight by twelve foot travel trailer which was parked on the farm's property. Early in the morning of 25 August 1982, Ray was sleeping in the travel trailer, when he was awakened by a knock at the door. When Ray answered the door to his trailer, Michael Taylor

STATE v. TAYLOR

[109 N.C. App. 692 (1993)]

and Hilton Sweeney were standing outside. When Ray opened the door, Sweeney sprayed Ray in the face with some kind of air freshener and proceeded to force open the door to the trailer.

After being sprayed in the eyes, Ray attempted to run out of the trailer and fell down. Ray testified that he was kicked, punched, and stabbed numerous times before he could get up and run again. At that point, Ray ran approximately 20 yards until he was no longer pursued and then walked to a nearby house for assistance. Ray was later admitted to the hospital and treated for stab wounds to the chest and abdomen. Later, Ray reported that a gym bag was missing from under his bed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Jill B. Hickey, for the State.*

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for defendant-appellant.*

WELLS, Judge.

Pursuant to his sole assignment of error, defendant contends that the trial court committed reversible error by submitting the charge of first degree burglary to the jury. Defendant was convicted of first degree burglary under N.C. Gen. Stat. § 14-51 which reads, in pertinent part:

**§ 14-51. First and second degree burglary.**

There shall be two degrees in the crime of burglary as defined at the common law. If the crime be committed in a dwelling house, or in a room used as a sleeping apartment in any building, and any person is in the actual occupation of any part of said dwelling house or sleeping apartment at the time of the commission of such crime, it shall be burglary in the first degree.

Defendant contends that because the travel trailer which defendant broke into is not a permanent structure, the State failed to provide any evidence to show that defendant broke into and entered a "dwelling house" or "a sleeping apartment in any building." Defendant goes on to assert that N.C. Gen. Stat. § 14-56 was the proper statute to apply to his case. N.C. Gen. Stat. § 14-56 reads, in pertinent part:

**§ 14-56. Breaking or entering into or breaking out of railroad cars, motor vehicles, trailers, aircraft, boats or other watercraft.**

If any person, with intent to commit any felony or larceny therein, breaks or enters any railroad car, motor vehicle, trailer, aircraft, boat, or other watercraft of any kind, containing any goods wares, freight, or other thing of value, . . . that person is guilty of a Class I felony.

Defendant asserts that the travel trailer's characteristic of mobility and lack of permanence prevents it from constituting a dwelling under N.C. Gen. Stat. § 14-51, North Carolina's burglary statute. We disagree and find no error.

In support of his contention that the characteristic of mobility should be the determining factor in considering whether the travel trailer in question is a structure under N.C. Gen. Stat. § 14-51, defendant relies on *State v. Bost*, 55 N.C. App. 612, 286 S.E.2d 632, *cert. denied*, 305 N.C. 588, 292 S.E.2d 572 (1982). In *Bost*, defendant was convicted, under N.C. Gen. Stat. § 14-54, of breaking in and entering a construction site trailer. Similarly to the case at bar, defendant Bost contended on appeal that the trailer was not a "building" within the meaning of N.C. Gen. Stat. § 14-54, and that N.C. Gen. Stat. § 14-56 should apply. Focusing on the characteristic of mobility, the *Bost* court noted that the trailer was placed on blocks and was not being used to haul goods, thus, losing its characteristic of mobility and qualifying as a building under N.C. Gen. Stat. § 14-54.

We do not find the reasoning in *Bost* to be determinative in this case, but find the reasoning in *State v. Fields*, 315 N.C. 191, 337 S.E.2d 518 (1985), to be more appropriate. In *Fields*, our Supreme Court considered whether a particular occupied outbuilding fell within the curtilage of a dwelling. The Court wrote: "It is well to remember that the law of burglary is to protect people, not property." Applying that reasoning to the case at bar, we distinguish this case from *Bost* and find that, under N.C. Gen. Stat. § 14-51, an occupied travel trailer can satisfy the occupied dwelling element of first degree burglary.

In the case at bar, the fact that Mr. Ray was asleep in the travel trailer, having made it his living quarters for the time he was working at the farm is the determinative factor in considering whether the trailer qualifies as a dwelling under N.C. Gen. Stat.

**STATE v. TAYLOR**

[109 N.C. App. 692 (1993)]

§ 14-51. In the case of burglary, it would be absurd to base a determination on whether a burglary has taken place upon whether the trailer's weight rested on blocks or on tires. In the burglary context, it seems far more rational to consider whether or not the victim has made that trailer an area of repose, one which he can reasonably expect to be safe from criminal intrusion.

No error.

Judges GREENE and WYNN concur.